#### UNITED STATES DISTRICT COURT
#### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**SEAN ANDREW KEENE,**

      **Plaintiff,**

**v.**         **Case No: 6:24-cv-23-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

### MEMORANDUM AND OPINON

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying an application for a period of disability and disability insurance benefits. In a decision dated August 14, 2019, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from December 23, 2018 through the date of the decision. R. 182. Having considered the parties' memorandum and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

    **I.**    **Issues on Appeal**

Claimant argues on appeal that the evidence does not support (1) the ALJ's finding that Plaintiff's optic neuropathy was a nonsevere impairment; (2) the ALJ's finding that Dr. Wenczak's medical opinion was unpersuasive; and (3) the ALJ's evaluation of Plaintiff's subjective complaints. Docs. 11, 12.

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Claimant filed the claim after March 27, 2017, so the revised regulations apply in this action.

## III. Discussion

### A. Issue One: Whether the ALJ failed to account for Plaintiff's limitations related to optic neuropathy

Claimant's argument on this assignment of error relates to the ALJ's determination that the optic neuropathy impairment was non-severe. Claimant contends that the ALJ failed to discuss the relevant evidence related to the impairment throughout the decision and that failure "tainted every aspect of her evaluation" including the RFC. Doc. 11 at 13-14. Claimant asserts that the ALJ's rationale for finding the optic neuropathy impairment to be non-severe was "not accurately and logically bridged to the record." Doc. 11 at 13. Overall, Claimant challenges the ALJ's consideration of the evidence associated with this impairment. Docs. 11 at 13-14; 15 at 2-5.

The Court is not persuaded that Claimant is entitled to relief. At step two, the ALJ must determine whether a claimant has a medically determinable impairment that is severe or a

combination of impairments that are severe. 20 C.F.R. §§ 404.1520(c) and 416.920. "This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Thus, the finding of a single severe impairment satisfies step two. *See id.* The failure to find additional severe impairments is harmless error if the ALJ considers all of the claimant's impairments (severe and non-severe) in combination throughout the rest of the sequential evaluation process. *See, e.g., Freeman v. Comm'r, Soc. Sec. Admin.*, 593 F. App'x 911, 914-915 (11th Cir. 2014); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951-52 (11th Cir. 2014).

The ALJ in the instant case found that Claimant has the following severe impairments: degenerative disc disease of the lumbar spine; diverticulitis and irritable bowel syndrome with perforation of sigmoid colon, status post resection; medullary sponge kidney with non-obstructing nephrolithiasis; depressive disorder; and anxiety disorder (20 CFR 404.1520(c)). R. 168. The ALJ also found that even though Claimant has several medically determinable impairments, certain conditions, including the decreased visual acuity with anterior ischemic optic neuropathy, the medical records fail to show that these conditions cause more than minimal limitations in Claimant's ability to perform work related activities. R. 169.[1] Accordingly, the ALJ deemed them to be non-severe impairments. *Id*.

---

[1] Specifically, the ALJ found that Claimant has the following medically determinable impairments and symptoms: Barrett's esophagus and benign polyps of the colon; decreased visual acuity with anterior ischemic optic neuropathy; degenerative joint disease of the left shoulder with labral tear, status post repair; degenerative joint disease of the right hip with adductor muscle tear and proximal hamstring injury, status post repair; gastroesophageal reflux disease (GERD) and mild gastritis; hemorrhoids; hypercalciuria; hypertension; mild dyslipidemia; mild obstructive sleep apnea; overweight; sacroiliitis; status post transurethral resection of the prostate; tension

Regardless of whether the ALJ found the optic neuropathy impairment to be non-severe, the ALJ's determination that Claimant suffered from several severe impairments satisfied step two. *See Jamison*, 814 F.2d at 588. But, as mentioned *supra*, the Court's analysis does not end there. The ALJ must consider all impairments (severe and non-severe) in combination throughout the rest of the sequential process. *See Griffin v. Comm'r of Soc. Sec.*, 560 F.App'x 837, 842 (11th Cir. 2014) ("[B]eyond the second step, [however,] the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling."); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) (finding that even if substantial evidence does not support the ALJ's finding that the claimant's mental impairments were non-severe, the decision could be harmless if the ALJ proceeded in the sequential evaluation, duly considered the claimant's mental impairment when assessing his RFC and reached conclusions about the Claimant's mental capabilities supported by the evidence).

Here, the ALJ specified that *all* the impairments were considered. Immediately following the ALJ's discussion regarding the severity of Claimant's polyps, joint disease, optic neuropathy, etc., the ALJ specified that even though these impairments do not cause more than minimal limitations in Claimant's ability to perform work related activities, "it is noted that the residual functional capacity adopted here more than fully accommodates any minimal limitations that the [C]laimant may have because of these medically determinable impairments." R. 169. The ALJ also stated at step 4 that the ALJ considered all symptoms in making the RFC determination. R. 172.

---

headaches; marijuana and nicotine dependence. R. 169. The ALJ found that while Claimant has several medically determinable impairments, the medical records fail to show that these conditions caused more than minimal limitations in Claimant's ability to perform work related activities. *Id*.

In addition to these more general statements, the ALJ specifically discussed Claimant's allegations regarding the optic neuropathy found within "application documents," Claimant's statement to the State of Florida's Disability Determination Services regarding his vision, and treatment notes related to the optic neuropathy. R. 172, 173, and 174. In evaluating the persuasiveness of certain opinions, the ALJ also discussed the record regarding Claimant's visual acuity. R. 180.

In sum, since the ALJ determined that Claimant suffered from multiple severe impairments at step two; proceeded beyond that step in the sequential analysis; and adequately considered Claimant's optic neuropathy in the latter steps of the decision; the Court finds no reason to disrupt the ALJ's determination.

The Court notes that Claimant's challenge appears to center on his claim that it was "entirely unreasonable" based on the evidence for the ALJ to find Claimant's optic neuropathy to be nonsevere. Claimant states that the ALJ's rationale for finding that the impairment was not severe "is not accurately and logically bridged in the record." Doc. 11 at 13; *see also* Doc. 15 at 2.[2] First, the Court does not agree that this is an adequate representation of the record. The ALJ demonstrated a "logical bridge" throughout her discussion with citation to the supporting record. Second, Claimant is essentially asking the Court to reweigh the evidence and reject the evidence the ALJ relied upon, and reach a different decision based on what Claimant focuses on in the record. Claimant may not agree with the decision, but the Court cannot reweigh the evidence. *See Mercer v. Comm'r of Soc. Sec.*, 2024 WL 1597706, at *5 (M.D. Fla. Apr. 12, 2024).

---

[2] Claimant adds in the Reply that there is a record of progressively worsening optic neuropathy. Doc. 15 at 4.

In short, Claimant has not demonstrated entitlement to relief with respect to the first assignment of error.

**B. Issue Two: Whether the ALJ adequately analyzed Dr. Wenczak's opinion**

Dr. Barbara Wenczak, M.D. was the SSA consultative examiner and in May 2021, examined Claimant based in part on his "[v]ision [i]ssues." R. 1903, 1910. In relevant part, Dr. Wenczak stated that Claimant mainly has problems with his poor vision which is not correctable with lenses. Dr. Wenczak found that Claimant's poor vision limits his ability to use the computer and to do fine movements with his hands, and "it would be difficult for him to work at this time." R. 1910.

The ALJ found the following with respect to Dr. Wenczak's opinion:

> The opinion of the medical consultative examiner Barbara Wenczak, MD., was found to be unpersuasive (Ex. 27F). The opinion that the claimant could occasionally stand and walk is not consistent with the evidence or even her own notes and observations. She indicated that range of motion for the claimant's hips, knees, and ankles were within normal limits, straight leg raise was negative in both the sitting and supine positions, ambulated without difficulties and without a assistive device, had no decrease in strength, could walk on his heels and toes, bend and touch his toes, and squat and recover. She also opined that the claimant had limitations in seeing, but not to what degree; however, corrected vision acuity was 20/20 (Ex. 26F).

R. 180.

Claimant contends that the ALJ's analysis of Dr. Wenczak's opinion was deficient. Claimant argues that there were other findings from Dr. Wenczak's examination that were consistent with the underlying record and the ALJ failed to adequately discuss the consistency and supportability factors. The Court disagrees.

Under the regulations, the ALJ will assess the persuasiveness of a medical source's opinion in light of five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[3] 4) specialization and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c); 416.920c(c).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1).

"Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL

---

[3] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

1565162 (M.D. Fla. Apr. 21, 2021). "Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records, and (2) consistent with the other evidence of record." *Tocco v. Comm'r of Soc. Sec.*, 2022 WL 3362863, at *7 (M.D. Fla. July 28, 2022), *report and recommendation adopted*, 2022 WL 337665 (M.D. Fla. Aug. 15, 2022) (citing Cook *v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at*3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021)).

Courts have found that "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019)).

As to supportability, the ALJ discussed Dr. Wenczak's findings regarding standing and walking and found that the opinion was not consistent with the physician's own record. R. 180. The ALJ lists Dr. Wenczak's specific findings to support this conclusion including the physician's notes and observation regarding Claimant's normal limits and ambulation. *Id*. With respect to Claimant's sight, the ALJ also based the persuasiveness determination on what was absent from Dr. Wenczak's opinion. R. 180. And this was not the ALJ's only discussion regarding Dr. Wenczak's record. Earlier in the opinion, the ALJ discussed Dr. Wenczak's findings regarding Claimant's ability to walk and stand. R. 176, 178.

Based on the foregoing, the Court finds that the ALJ adequately addressed the supportability factor. The ALJ was not required to use any "magic words" nor was she required to cite to specific portions of the record in discussing her determination. *See Lebron v. Comm'r of Soc. Sec.*, 2022 WL 8211457, at *6 (M.D. Fla. Aug. 8, 2022). The Court was able to read the

ALJ's discussion of Dr. Wenczak's opinion included throughout the decision and follow the ALJ's determination that the opinion was not consistent with the physician's own record. *See Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1276 (11th Cir. 2024) ("Though the ALJ did not repeat [her] discussion of those records in the same paragraph, [s]he thoroughly discussed these records in the immediately preceding paragraphs where [s]he determined that the records supported a sedentary RFC. Short of re-summarizing or adding an internal citation to those paragraphs, it is hard to imagine how the ALJ could have been clearer."); *see also Davis*, 2011 WL 5826553, at *1, 13 (noting that the district court's review is limited to considering whether the ALJ's decision as a whole is supported by substantial evidence).

The Court finds the same with respect to the consistency factor. As an initial matter, Claimant's argument that the ALJ did not adequately discuss this factor is limited to Dr. Wenczak's opinion regarding Claimant's vision. If Claimant, however, is attempting to challenge the ALJ's persuasiveness determination based on how Dr. Wenczak's entire medical opinion relates to the other evidence of record (i.e., the consistency factor), any such argument is raised in a perfunctory manner and is waived. *See Battle v. Comm'r of Soc. Sec.*, 787 Fed. App'x 686, 687 (11th Cir. 2019) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed waived."(citations omitted); *see also Jacobus v. Comm'r of Soc. Sec.*, 664 Fed. Appx. 774, 2016 WL 6080607, at *3 n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably abandoned).

In any event, with respect to Claimant's specific challenge, the ALJ adequately addressed this factor. Namely, the ALJ found Dr. Wenczak's opinion to be inconsistent based on the record and gave specific citation to that evidence. R. 180, citing Ex. 26F. The ALJ also discussed that record earlier in the decision. *See* R. 169. Again, the ALJ provided a sufficient analysis, and the

Court will not undermine that decision by reweighing what was before the ALJ. The ALJ clearly reviewed Dr. Wenczak's opinion and found it to be inconsistent, which she was permitted to do.

Based on the foregoing, the Court finds that the ALJ adequately assessed Dr. Wenczak's opinion. Claimant may disagree with the determination, but he has not demonstrated entitlement to relief.

### C. Issue Three: Whether the ALJ adequately evaluated Claimant's subjective complaints

In the third assignment of error, Claimant contends that the ALJ rejected Claimant's testimony regarding his symptoms and subjective complaints without clearly articulating explicit and adequate reasons for doing so. Claimant argues that his statements regarding the day-to-day impact of his optic neuropathy are consistent with the medical record and the ALJ failed to evaluate Claimant's statements in relation to that evidence. Doc. 11 at 17. The Court disagrees.

The Eleventh Circuit has established a three-part "pain standard" for the Commissioner to apply in evaluating a claimant's subjective complaints. The standard requires: (1) evidence of an underlying medical condition; and either (2) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

"When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." *Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)); *see also* 20 C.F.R. § 416.929.

In the instant matter, the Court finds that the ALJ rejected Claimant's subjective complaints related to his visual impairments—again Claimant limits the discussion to the optic neuropathy impairment—after the ALJ considered the relevant medical record. As to Claimant's subjective complaints, the ALJ generally found Claimant's medically determinable impairments could reasonably be expected to cause his alleged pain, but also that Plaintiff's statements concerning the intensity, persistence, and functionally limiting effects of his pain were not entirely consistent with the medical evidence and other evidence. R. 173. The ALJ provided that she considered the overall medical records but that "the prevailing theme is that [C]laimant's subjective complaints appear disproportionate to the objective findings." R. 177. The ALJ also specified that at the hearing, Claimant testified that he is disabled and unable to work due to his physical and mental impairments. R. 173.

Regarding the record, the ALJ noted that in the application documents Claimant stated that he stopped working due to his conditions including the anterior ischemic optic neuropathy. R. 172. The ALJ specified that according to a disability report, Claimant indicated that he is capable of a wide range of daily living activities and reported his abilities or inabilities regarding cleaning, personal care, driving, shopping, using a computer, hobbies and interests, and personal relationships. R. 172-173.

The ALJ also addressed Claimant's report to the Disability Determination Services that his vision in his right eye is good and vision in his left eye is normal and that he does not wear glasses. R. 173. Further, the ALJ acknowledged that the treatment records noted that Claimant suffered from optic neuropathy. R. 174. As stated *supra*, the ALJ discussed the record as it related to Claimant's visual acuity and Dr. Wenczak's opinion regarding the degree, or lack thereof, of Claimant's visional limitation. R. 169, 180.

In sum, the Court finds no reversible error. The ALJ sufficiently discussed Claimant's reports in comparison to the medical record, and the ALJ provided explicit and adequate reasons for rejecting Claimant's subjective complaints.

Finally, to the extent Claimant contends that the ALJ erred by failing to summarize Claimant's hearing testimony relating to his poor vision (*see* Doc. 11 at 16), the argument is deemed waived. Claimant provides no real analysis as to the legal relevance of this statement with citation to the authority that would support relief. Accordingly, Claimant's conclusory statement regarding the ALJ's failure to summarize does not warrant reversal. *See Jacobus*, 664 F. App'x at 774; *Binder v. Comm'r of Soc. Sec.*, 2019 WL 1397923, at *2 (M.D. Fla. Mar. 28, 2019) ("Abandonment is not cured by raising the issue for the first time in the reply brief."). Even if it was not waived, the Court finds that the ALJ adequately addressed Claimant's statements, reports, and the record regarding this impairment.

### IV. Conclusion

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on July 22, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE